BESSIE REDDING, Plaintiff-Appellant, *v.* FRITZ SILBERMAN REALTY CORPORATION, Defendant-Appellee.

(No. 71-81;

Fifth District—July 7, 1972.

Roger M. Scrivner, of Legal Aid Society, of East St. Louis, for appellant.

Kassly, Weihl & Bone, of Belleville, (Donald E. Weihl, of counsel,) for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This action was brought by the plaintiff, Bessie Redding, to obtain compensatory and punitive damages against the defendant, Fritz Silberman Realty Corporation, for alleged breach of statutory warranty deed delivered by the defendant to the plaintiff. After a bench trial, the Circuit Court of St. Clair County found for the plaintiff on Count I, that there had been a technical breach, and assessed nominal damages of $1.00; and against the plaintiff on Counts II and III, which called for damages on the basis of a fiduciary duty owed plaintiff by defendant and for punitive damages. From judgment consistent with such findings plaintiff has appealed.

The facts are, one, that defendant warranted (by the statutory form it executed) that it was conveying property to which it held a fee simple; two, that this warranty was not factual because the county had taken a tax deed to the property the preceding month; and, three, that the defalcation in payment of taxes was attributable to the plaintiff, who had lived on the real estate for approximately 20 years under a contract for sale (bond for deed) which specifically required plaintiff to pay the taxes from 1951 on. Thus, there was a technical breach, for which defendant was liable at least on the grounds of its carelessness, but one whose underlying cause was plaintiff's failure to meet her obligation to pay the taxes. Both parties claimed ignorance of the tax deed.

The trial court's decisions on all counts are correct and not against the manifest weight of the evidence. We find no error of law and that an opinion herein would have no precedential value.

We therefore affirm the judgment of the trial court in compliance with Supreme Court Rule 23.

Judgment affirmed.

G. MORAN and JONES, JJ., concur.